IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ROMANE DOUGLAS,**

        **Petitioner,**

    v.               CASE NO. 06-3157-SAC

**DAVID R. MCKUNE, et al.,**

        **Respondents.**

## O R D E R

Petitioner proceeds pro se on a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254, and has paid the $5.00 district court filing fee. Petitioner seeks habeas corpus relief based on alleged constitutional error in his Kansas conviction on charges of murder and aggravated robbery.

A one year limitations period applies to habeas corpus petitions filed by prisoners confined pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1)(as amended April 24, 1996). In most cases, this limitations period begins on "the date on which the judgment became final by . . . the expiration of time for seeking [direct] review." 28 U.S.C. § 2244(d)(1)(A).[1] The running of this

---

[1] 28 U.S.C. § 2244(d)(1) states the limitations period "shall run from the latest of:
 (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
 (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
 (C) the date on which the constitutional right asserted was

limitations period is subject to tolling if petitioner pursues state post-conviction relief or other collateral review. See 28 U.S.C. § 2244(d)(2)(running of limitations period is tolled while properly filed state post-conviction proceeding and appeal therefrom is pending).

Applying these statutes to the dates provided in petitioner's pleadings, the court finds this matter is subject to being dismissed because the application is time barred. *See* Jackson v. Sec. for Dept. of Corrections, 292 F.3d 1347 (11th Cir. 2002)(joining other circuits in holding that district court has discretion to review sua sponte the timeliness of a § 2254 petition even though the statute of limitations is an affirmative defense).

Petitioner's December 2000 convictions became final, for the purpose of starting the one year limitations period pursuant to § 2244(d)(1)(A), in October 2002 upon expiration of the time for seeking certiorari review by the United States Supreme Court. *See* Locke v. Saffle, 237 F.3d 1269 (10th Cir. 2001)("direct review" in 28 U.S.C. § 2244(d)(1)(A) includes period in which petitioner can file a petition for a writ of certiorari from United States Supreme Court, whether or not such a petition is filed). At that time petitioner had one year to seek relief in the federal courts, or to toll the running of the limitations period by seeking post-

---

initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

2

conviction relief in the state courts.

Petitioner did neither within that one year period. Instead, petitioner identifies a post-conviction motion filed in the state courts in 2004, well after the time allowed by § 2244(d)(1) had expired. This state court filing had no tolling effect on the already expired limitations period. *See* Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001)(application for post-conviction relief filed after expiration of one-year limitations period has no tolling effect), *cert. denied*, 535 U.S. 1034 (2002).

On the face of the petition it thus appears this action is not timely filed within the limitations period imposed by § 2244(d)(1). Nor has petitioner suggested any circumstances that existed which might warrant equitable tolling of the limitations period. *See* Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[equitable tolling] is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control"), *cert. denied,* 531 U.S. 1194 (2001).

Accordingly, the court directs petitioner to show cause why this action should not be dismissed as time barred. The failure to file a timely response may result in the dismissal of the petition for the reasons stated herein, and without further prior notice to petitioner.

IT IS THEREFORE ORDERED that petitioner is granted thirty (30) days to show cause why his petition for writ of habeas corpus under 28 U.S.C. § 2254 should not be dismissed as time barred, 28 U.S.C. § 2244(d)(1).

**IT IS SO ORDERED.**

DATED:   This 14th day of June 2006 at Topeka, Kansas.


                                    s/ Sam A. Crow
                                   SAM A. CROW
                                   U.S. Senior District Judge