IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROMANE DOUGLAS,

               Petitioner,

        vs.                            Case No. 06-3157-JTM

DAVID R. MCKUNE, WARDEN,
LANSING CORRECTIONAL FACILITY
AND PHILL KLINE, KANSAS
ATTORNEY GENERAL,

               Respondents.

MEMORANDUM AND ORDER

The present matter arises on petitioner's motion for habeas corpus relief pursuant to 28 U.S.C. § 2254. For the following reasons, the court denies petitioner's appeal.

*I.  Procedural History:*

Petitioner is currently in custody at the Lansing Correctional Facility in Lansing, Kansas. On October 7, 1999, petitioner was charged in the District Court of Sedgwick County, Kansas, with two counts of first-degree murder, in violation of K.S.A. 21-3401(a); or in the alternative, two counts of first-degree murder in violation of K.S.A. 21-3401(b); and two counts of aggravated robbery in violation of K.S.A. 21-3427. Petitioner's trial ended in a mistrial after the jury was unable to unanimously determine a verdict.

Thereafter, on September 1, 2000, petitioner was charged in the District Court of Sedgwick County, Kansas, with two counts of first-degree murder in violation of K.S.A. 21-3401(a); or in the

alternative, two counts of first-degree murder in violation of K.S.A. 21-3401(b) with the underlying felony as aggravated robbery; or in the alternative two counts of first-degree murder in violation of K.S.A. 21-3401(b) with the underlying felony as the sale of marijuana; and two counts of aggravated robbery in violation of K.S.A. 21-3427.  Petitioner was convicted by a jury of two counts of first-degree premeditated murder and two counts of aggravated robbery on October 10, 2000.

At the sentencing, petitioner received the Hard 50 for each of the first-degree murder convictions and 107 and 59 months imprisonment for each of the aggravated robbery convictions, with the sentences to run consecutively.  Although petitioner appealed the decision, the Kansas Supreme Court affirmed petitioner's convictions in *State v. Douglas*, 274 Kan. 96, 49 P.3d 446 (2002).  The Supreme Court denied review in *Douglas v. Kansas*, 537 U.S. 1198 (2003).

Petitioner also filed a K.S.A. 60-1507 petition in Sedgwick County District Court which raised multiple claims of ineffective assistance of counsel at the trial and appellate levels.  He also alleged that the trial court allowed the amendment of the complaint which broadened the bases for conviction.  The Sedgwick County District Court denied relief on petitioner's motion.  Petitioner appealed this decision.  The Kansas Court of Appeals affirmed the denial in *Douglas v. State*, No. 93,819 (Kan. Ct. App. March 31, 2006) (unpublished opinion).

## II.  Factual Background:

On October 3, 1999 Jesse Mejia and Alfredo Martinez were shot and killed in a secluded area in Wichita, Kansas. The two victims were staying at the Knight's Inn at 6125 West Kellogg Drive in Wichita, Kansas. Phone records from the Knight's Inn confirmed that petitioner's cell phone was called repeatedly from the victims' rooms.

2

Petitioner was arrested on October 5, 1999 by Officer Richard Vickers for unrelated criminal activity.  Kelly Otis, the lead detective in the homicide investigation, decided to talk with the petitioner when his phone number registered on the list of numbers called from one of the victim's rooms at the Knight's Inn.  During the course of that interview, petitioner originally stated that he could not remember what he had been doing during the dates of October 1st, 2nd, and 3rd (the day of the murders); however, he was later able to give a detailed description of his activities. During the dates for which Otis was inquiring, petitioner mentioned that he had met someone, a total stranger that he knew only as S.A., in traffic, and that S.A. had asked petitioner if he knew where he could get some marijuana.  Petitioner led S.A. to a location where he could purchase marijuana.  The next day, petitioner says that S.A. called him and wanted to buy a pound of marijuana.  Petitioner stated that he set up a deal between the seller of the marijuana and S.A., but had nothing else to do with the deal.  Petitioner also denied ever being at the Knight's Inn with S.A.

As the interview progressed, petitioner changed his story and admitted to being present at the drug buy, but left after introducing the parties.  Subsequently, petitioner asked for an attorney and was told that he was going to be charged with first-degree murder.  At that point, petitioner called Otis back and reinitiated the conversation.  Petitioner finally stated that he was at the Knight's Inn for a party when he originally met the victims.  He brokered a deal between the victims and another individual, L.A., for the sale of marijuana.  Petitioner then claimed to have been present when L.A. shot the victims.

The State used one of its peremptory challenges to strike the only black individual from the jury.  Petitioner, who is black, raised a *Batson* challenge to the strike.  The court made a

determination that the petitioner did not make a prima facie showing of purposeful discrimination. Nonetheless, the State presented the race-neutral reason that the prospective juror had a relative who lived in the area where the crimes were committed.  Alternatively, the court ruled the race-neutral reason given by the State was sufficient under a *Batson* analysis.  The State also pointed out that petitioner used a peremptory challenge to remove the only Hispanic; the victims were Hispanic as well, who lived near the crime scene.

Petitioner also raised an issue of the State's use of previous bad acts during his cross-examination.  The issue was also presented prior to the trial in a Motion in Limine.  The trial court ruled that the State's line of questioning was not violative of the Motion in Limine due to the petitioner's defense in the case and based upon the development of the evidence during the petitioner's testimony.

The jury returned a verdict of guilty of premeditated first-degree murder on both counts and guilty of aggravated robbery on both counts.  Petitioner was sentenced to the Hard 50 for each of the first-degree murder convictions and 107 and 59 months imprisonment for each of the aggravated robbery convictions; all sentences to run consecutively.

## II.  Standard of Review:

Petitioner's appeal is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") because he filed his petition for federal habeas relief after the enactment of the AEDPA.  *Hooks v. Ward*, 184 F.3d 1206, 1213 (10th Cir. 1999).

Habeas relief is available only if petitioner can establish that the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,"   28 U.S.C. § 2254(d)(1), or an

"unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(2). Absent clear and convincing evidence to the contrary, the court must presume that the state courts' factual findings are correct. 28 U.S.C. § 2254(e)(1). *See Miller-El v. Cockrell*, 537 U.S. 322 (2003).

A state court decision will be "contrary to" clearly established precedent if the state court either "applies a rule that contradicts the governing law set forth in [United States Supreme Court] cases" or "confronts a set of facts that are materially indistinguishable from a decision of th[e] Court and nevertheless arrives at a result different from [Supreme Court] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000); *Bell v. Cone*, 535 U.S. 685, 694 (2002). A state court decision will be an "unreasonable application of" clearly established precedent if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Williams*, 529 U.S. at 407-408. Therefore, a federal court reviewing a petition for habeas relief should inquire whether the state court's application of clearly established federal law was objectively unreasonable. *Id.* at 409.

## III.  Conclusions of Law:

Petitioner raises the following issues on appeal.

## A.  Jury Selection:

Petitioner specifically alleges that during jury selection, the prosecution used a peremptory challenge to remove a potential black juror. Petitioner, who is also black, alleges that the prosecution unconstitutionally discriminated in the jury selection on the basis of race, in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986).

Under *Batson*, a defendant must first make a prima facie showing of purposeful discrimination; second, the prosecutor must be given an opportunity to provide a race-neutral

explanation for striking the potential jurors in question; and third, the trial court must make a determination as to whether the defendant has proven purposeful discrimination. *Id*. at 96-98.

During jury selection, defense counsel objected based on an alleged racially discriminatory selection. Due to the objection, the court entertained arguments before determining if a violation had occurred. Petitioner stated his reasons for the court at that time, however, the court found that there was no prima facie case made by petitioner to support the challenge. Thereafter, the court further held that the State related a race neutral reason for striking the juror. Additionally, on appeal, the Kansas Court of Appeals conducted a thorough review of the lower court proceedings, concluding that the trial court's decision was not reversible.

This court may grant habeas relief if the state court decisions were "based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(2). After a review of the record, the state's court determinations were not unreasonable and therefore, federal habeas relief cannot be granted on this issue.

B. *Instructions on Lesser Included Offenses:*

Petitioner also alleges that he was deprived of due process when the trial court failed to instruct on lesser included offenses.

"As a general rule, errors in jury instructions in a state criminal trial are not reviewable in federal habeas corpus proceedings, unless they are so fundamentally unfair as to deprive petitioner of a fair trial and to due process of law." *Patton v. Mullin*, 425 F.3d 788, 807 (10th Cir. 2005). According to Kansas law, although petitioner is entitled to jury instructions that apply to his theory of defense that is supported by evidence, there is "[n]o duty to instruct the jury on a lesser included offense . . . where the evidence as a whole, viewed in the light most favorable to the defendant, could

6

not reasonably support a jury verdict on the lesser included offense." *State v. Simkins*, 269 Kan. 84 (2000).

Petitioner requested lesser included offenses ranging from second-degree intentional murder to voluntary manslaughter and unintentional or involuntary manslaughter. The trial court refused to grant any of these jury instructions due to petitioner's theory of defense and the facts at trial. The petitioner testified that someone else shot the victims during a drug deal that he was brokering. Based on this evidence, the judge noted that if the jury were to believe the petitioner's testimony, the jury would either convict him of felony murder or find him not guilty. This court notes that the evidence did not support a jury instruction including the lesser offenses. Petitioner's testimony, when viewed as the correct account of how the victims were killed, precludes including the requested lesser offense instructions and therefore, does not constitute a violation of petitioner's due process rights.

### C.  Alleged Prosecutorial Misconduct:

The relevant question with respect to alleged prosecutorial misconduct is "whether the prosecutors' comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986). Petitioner must demonstrate that the comments were "of sufficient significance to result in the denial of the defendant's right to a fair trial before [the misconduct] will rise to the level of a due process violation." *United States v. Oliver*, 278 F.3d 1035 (10th Cir. 2001).

Petitioner alleges that the prosecutor improperly commented on the credibility of witnesses by noting that the petitioner's story is "unbelievable" and by stating that Detective Otis did not lie. On appeal, the Kansas Supreme Court found that the comments did not amount to prosecutorial

misconduct.  *State v. Douglas*, 274 Kan. 96, 108 (2002).  In finding that the comments did not rise to the level of prosecutorial misconduct, the Kansas Supreme Court examined *State v. Pabst*, 268 Kan. 501 (2000), on which petitioner based his claim.  In *Pabst*, the prosecutor continually referred to the defendant as a liar.  *Id*.  The Kansas Supreme Court, however, found that the prosecutor's misconduct in this case was not analogous.  In the present case, the prosecutor stated only that the independent evidence deemed the petitioner's testimony unbelievable, not that it was his opinion that petitioner lied.  The determination of the Kansas Supreme Court was not contrary to, nor an unreasonable application of, United States Supreme Court precedent, and therefore, does not result in habeas relief.

D.  Admission of Prior Crimes:

Petitioner specifically alleges that the trial court erred in allowing the admission of evidence of prior crimes.

Prior to trial, a motion in limine was granted that forbade the use of prior acts by the petitioner during the trial, unless the petitioner took the stand and opened the door.  On direct examination, petitioner admitted that victims approached him inquiring if he knew where they could get some marijuana; admitted that he became acquainted with L.A. when he was approached by L.A. at a liquor store and asked if he wanted some marijuana; and admitted that he purchased marijuana from L.A. between two and four times.  R. Vol. XII, pp. 43-44; 47-48.  This court finds that the defense opened the door with the introduction of this evidence and therefore, the admission of the evidence of prior crimes by the trial court does not merit habeas relief.

*E.  Sufficiency of the Evidence:*

For a claim of insufficient evidence to support a conviction in a federal habeas proceeding, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original); *Torres v. Mullin*, 317 F.3d 1145, 1151 (10th Cir. 2003).

At trial, the evidence established that petitioner brokered a drug deal with the victims. Thereafter, on the night of the murders, he met the victims at a park and entered the back seat of their vehicle.   The vehicle was driven to a secluded area where the victims' bodies were found. Petitioner's shoes and coat revealed evidence of the victims' blood.  Based on this evidence, the jury reasonably concluded that petitioner committed the two murders.

Moreover, under Kansas law, first-degree murder is defined as the killing of a human being intentionally and with premeditation.   K.S.A. § 21-3401(a).   When viewed in the light most favorable to the prosecution, the court finds that the evidence established at trial demonstrated that petitioner arranged a drug buy for a substantial amount of marijuana, met the victims, drove to a secluded area, and robbed and shot the victims.   Therefore, the Kansas Supreme Court's decision that the evidence was sufficient is based on a reasonable determination from the facts and *Jackson*. Thus, petitioner is not entitled to federal habeas relief.

*F.  Kansas' Hard 50 Sentencing Statute:*

Petitioner also challenges the Kansas Hard 50 sentencing scheme as unconstitutional.  Under the Hard 50 sentencing statute, if a defendant is convicted of premeditated first-degree murder, Kansas law provides that the district court shall determine whether the defendant shall be required

to serve a mandatory term of imprisonment of 50 years without eligibility for parole.  K.S.A. § 21-4635(b).  The decision is made after the court considers evidence of aggravating and mitigating circumstances.  K.S.A. § 21-4635(c).  If the district court finds that one or more of the aggravating circumstances is present and that the existence of such aggravating circumstances is not outweighed by any mitigating circumstances, the defendant shall receive the Hard 50 sentence.  K.S.A. § 21-4635(d).

In *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id*.  Following *Apprendi*, however, the Court has not explicitly overruled its prior holdings that judicial fact finding utilizing a preponderance of the evidence standard to increase the mandatory minimum sentence runs afoul of constitutional protections.  *State v. Johnson*, 159 P.3d 161, 165 (Kan. 2007).  *See e.g.*, *McMillan v. Pennsylvania*, 477 U.S. 79 (1986). With the present statute, the sentencing scheme imposes a mandatory minimum sentence of 50 years on certain murderers based upon judicial fact finding upon a preponderance of the evidence standard, but does not alter the maximum sentence authorized by the jury's verdict, and is therefore constitutional.  *See Johnson*, 159 P.3d at 165.

### G. Aggravating and Mitigating Factors:

Petitioner also alleges that the trial judge used factors determined by the Kansas Supreme Court to be improper as the basis for aggravating factors and that the judge failed to consider the mitigating factors.

However, the court declines to review petitioner's claim because the aggravating factors supporting a Hard 50 sentence, how they are defined, and the sufficiency of the evidence are matters of state law. Petitioner raised state law issues with respect to his sentence and were therefore, decided pursuant to state law. Petitioner, however, did not raise a federal constitutional challenge to the sentence before the state courts. For this reason, the claim fails to raise a federal issue upon which federal habeas relief may be granted. *Estelle v. McGuire*, 502 U.S. 62, 67-68 ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

## H.  Alleged Ineffective Assistance of Counsel:

For petitioner to establish a claim of ineffective assistance of counsel, he must demonstrate that: (1) counsel's performance fell below an objective standard of reasonableness, *i.e.*, counsel made errors so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment; and (2) that the deficient performance prejudiced his case, *i.e.*, that but for his counsel's errors, the proceeding would have yielded a different result. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "A defendant does not have a constitutional right to compel appointed counsel to press non-frivolous points requested by the client, if counsel, as a matter of professional judgment decides not to present those points." *Tapia v. Tansy*, 926 F.2d 1554, 1564 (10th Cir. 1991).

After a review of the record, petitioner's claim for ineffective assistance of counsel is without merit. Specifically, petitioner claims that his trial and appellate counsel were ineffective for failing to argue that the trial court impermissibly broadened the charges against him by instructing the jury that it could convict him of first-degree murder under a felony-murder theory if it found petitioner "or another" killed the victims. However, this court finds that no prejudice resulted from the jury instructions because the jury convicted petitioner under the premeditated murder charge. Prejudice

11

did not result because petitioner was ultimately convicted on a theory independent of counsel's

alleged deficient performance of failing to object to the allegedly broad jury instructions. For this

reason, the court denies habeas relief on this claim.

IT IS ACCORDINGLY ORDERED this 25th day of July, 2007, that petitioner's appeal (Dkt.

No. 1) is denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE